UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
>*Plaintiff-Appellee,*

v.

BURTON BRAXTON HAGWOOD,
>*Defendant-Appellant.*

No. 00-4914

UNITED STATES OF AMERICA,
>*Plaintiff-Appellee,*

v.

MICHAEL JENKINS,
>*Defendant-Appellant.*

No. 00-4915

Appeals from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Frederick P. Stamp, Jr., District Judge.
(CR-00-13)

Submitted: August 31, 2001

Decided: September 11, 2001

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Patricia A. Kurelac, Moundsville, West Virginia; Franklin W. Lash, Wheeling, West Virginia, for Appellants. Melvin W. Kahle, Jr.,

United States Attorney, Sam G. Nazzaro, Assistant United States Attorney, Sharon L. Potter, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Jenkins and Burton Braxton Hagwood appeal the sentences imposed by the district court following guilty pleas to possession with intent to distribute and distribution of powder and crack cocaine in violation of 21 U.S.C.A. § 841(a)(1) (West 1999). With regard to Jenkins, counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Jenkins has filed a pro se supplemental brief. Finding no reversible error, we affirm.

On appeal, Jenkins claims he did not understand he was waiving the right to appeal his sentence and that the waiver is therefore not binding. Jenkins further claims the district court erred by assigning him one criminal history point for a prior conviction for operating a business without a license. A review of Jenkins' Fed. R. Crim. P. 11 plea hearing shows Jenkins knowingly and voluntarily waived his right to appeal. Because Jenkins waived his right to appeal, his challenge to the district court's application of the Sentencing Guidelines is waived. *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990).

Hagwood contends his trial counsel was ineffective. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, claims of ineffective assistance of counsel must ordinarily be pursued in a 28 U.S.C.A. § 2255 (West Supp. 2000) motion. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception to this general rule

obtains when the record conclusively establishes ineffective assistance of counsel. *King*, 119 F.3d at 295. A review of the record does not conclusively establish ineffective assistance of counsel, and Hagwood's ineffective assistance claims are therefore not cognizable in this direct appeal.

Pursuant to *Anders*, we have reviewed the record and find no error. Accordingly, we affirm Jenkins' and Hagwood's sentences. With regard to Jenkins, this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*